IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PABLO LANDRAU CONTRERAS, DIGNA CONTRERAS-GARCIA,<br><br>Plaintiffs<br><br>vs<br><br>MIGUEL PEREIRA-CASTILLO, Secretary of the Department of Corrections and Administrator of the Administration of Corrections de facto; HECTOR FONTANEZ-RIVERA, Director and/or Auxiliary Administrator of Security at the Central Office of the Administration of Corrections, and the conjugal partnership formed between him and Lydia Ivette Lasalle; COLETTE SANTA, Esq., Director of the Western Region, which includes that Ponce Complex, and the conjugal partnership formed between and Spouse Doe 2; CAPTAIN JORGE SILVESTRINI, Director of Security for the Ponce Complex, and the conjugal partnership formed between him and Spouse Doe 3; WILLIAM TORRES, Superintendent at Ponce Maximum Security Institution, and the conjugal partnership formed between him and Spouse Doe 4; SERGIO ALVAREZ, Auxiliary Superintendent at Ponce Maximum Security Institution, and the conjugal partnership formed between him and Spouse Doe 5; LT. WILLIAM CLASS, Commander of the Guard at Ponce Maximum Security Institution, and the conjugal partnership formed between him and Spouse Doe 6; SERGEANTS JOSE SANTOS-RODRIGUEZ and DELWIN MERCADO, sergeants assigned to Ponce Maximum Security Institution, and the conjugal partnership formed between them and Spouse Doe 7 and Spouse Doe 8; JOHN DOE, JOHN TOE, sergeants and Shift Commanders at Ponce Maximum Security Institution, and the conjugal parnerships formed between them and Spouse Doe 9, Spouse Doe 10, respectively; JUAN FALCON, correctional officer assigned to Ponce Maximum Security Institution, and the conjugal partnership formed between him and Spouse Doe 11; WILLIAM JACOME CANCEL, correctional officer assigned to Ponce Maximum Security Institution, and the conjugal partnership formed between him and Spouse Doe 12; TIMOTHY TOE, MARCK MOE, Correctional Officers responsible for the custody of inmates at Ponce Maximum Security Institution, and the conjugal partnerships formed between them and | CIVIL 07-1168 CCC |

CIVIL 07-1168CCC                                     2

Spouse Doe 13 and Spouse Doe 14, respectively;
SAMUEL SOE, ADAM LOE, officers responsible for
assigning inmates to housing units at Ponce
Maximum Security Institution, and the conjugal
partnerships

Defendants

# O R D E R

This is a 42 U.S.C. §1983 action seeking damages for the violation of rights protected by the Eighth and Fourteenth Amendments which is founded on the stabbing of an inmate at the Ponce Maximum Security Institution (Ponce Maximum). Supplemental claims under the Puerto Rico Constitution and laws were also asserted. Plaintiffs are the assaulted inmate, Pablo Landrau-Contreras (Landrau), and his mother, Digna Contreras-García (Contreras). Defendants are Miguel Pereira-Castillo (Pereira), the Secretary of Corrections of the Commonwealth and also Administrator of the Administration of Corrections of the Commonwealth (AOC), Héctor Fontánez-Rivera, Director of Security of the AOC, Colette Santa, the Western Region Director of the AOC, Jorge Silvestrini, Director of Security at the Ponce Maximum, William Torres, Superintendent at Ponce Maximum, Sergio Alvarez, Auxiliary Superintendent, William Class, Commander of the Guard at Ponce Maximum, José Santos-Rodríguez and Delwin Mercado, supervisors of security personnel at Ponce Maximum, and Juan Falcón and William Jájome-Cancel, correctional guards at Ponce Maximum. Before the Court now is the Motion to Dismiss filed by all defendants on June 20, 2007 (**docket entry 7**), plaintiffs' opposition filed on July 5, 2007 (**docket entry 10**), and defendants' reply to the opposition requested by the Court on December 21, 2007 (see docket entries 13 & 19) and tendered on February 21, 2008 (**docket entry 20**), which is ORDERED FILED.

Defendants aver in their dismissal motion that the complaint is time barred, that plaintiff Landrau failed to exhaust administrative remedies as required by law, that plaintiff

CIVIL 07-1168CCC                                              3

Contreras may not sue under §1983, that the Eleventh Amendment bars all monetary claims against them in their official capacity, that they are entitled to qualified immunity, and that once the federal claims are dismissed so must be the supplemental claims.  For the reasons that follow, we find that the complaint is indeed time barred, dispense with a discussion of the additional grounds in support of dismissal, and GRANT defendants' dismissal motion.

Defendants aver that as plaintiffs had one year from January 18, 2006 (the date of the assault) to file their action, but did not do so until February 27, 2007, it is now time barred.  Plaintiffs respond, in turn, that they tolled the one-year statute of limitations with an extrajudicial claim as allowed under Puerto Rico law and have submitted as an exhibit to their opposition a letter dated February 28, 2006 sent by their attorneys to the Secretary of Justice of the Commonwealth of Puerto Rico and copied to defendant Pereira which they contend constitutes such an extrajudicial claim.  See Exhibit 3 to the Opposition (docket entry 10).  Given that the letter was sent on February 28, 2006 and the complaint was filed on February 27, 2007, if the letter were indeed a valid extrajudicial claim this action would be timely filed.

The letter describes at length the assault suffered by plaintiff Landrau-Contreras at Ponce Maximum on January 18, 2006 which is the basis of the complaint filed in this action. It states that "[t]he whole situation has caused damages and suffering to [Landrau's] mother, sister and other family."  It goes on to "inform the Commonwealth of Puerto Rico ('ELA')[1] regarding the existence of a claim for damages and for violation of civil rights against the E.L.A. of Puerto Rico, the Honorable Secretary of Corrections and Rehabilitation and of the Corrections Administration, the Superintendent, as well as against the Correctional Officials at Ponce Maximum."  The letter further states:

---

[1] "ELA" is the Spanish acronym for "Estado Libre Asociado," the official name in Spanish for the Commonwealth of Puerto Rico.

CIVIL 07-1168CCC                                    4

> This claim is based on the fault and/or gross negligence which arise from the previously mentioned events, for causing serious harm and not performing their duties in the required manner, and not duly protecting the safety and physical integrity of Mr. Pablo Landrau-Contreras inside the mentioned penal institution, under the custody of the Corrections Administration of the Commonwealth of Puerto Rico.  The previously mentioned actions and omissions have caused physical and emotional damages amounting to a sum of no less that $1,500,000 dollars.

The letter concludes by expressly declaring its purpose: "establishing an extrajudicial claim on behalf of Pablo Landrau-Contreras and his family, and of interrupting the period for a future judicial claim."

The applicable statute of limitations for a §1983 action filed in Puerto Rico is one year. Villanueva-Méndez v. Nieves-Vázquez, 440 F.3d 11, 15 n. 1 (1st Cir. 2006); Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 69-70 (1st Cir. 2005).  While said statute of limitations may be tolled by an extrajudicial claim, see 31 L.P.R.A. §5303, the requirements for making such a claim are strict.  Rodríguez-Narváez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990).  The extrajudicial claim must be identical to the claim actually filed in court, Benítez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998); that is, it must seek the same form of relief, the causes of action asserted must be based on the same substantive claims, and they must be asserted against the same defendants in the same capacities as the subsequent lawsuit; new defendants should not be added. Rodríguez-García v Municipality of Caguas, 354 F.3d 91, 98 (1st Cir. 2004).

Our review of the letter convinces us that it meets the first requirement, as both in the letter and in the complaint plaintiffs are seeking money damages.  But that is as far as it takes the plaintiffs, since the letter utterly fails to comply with the second requirement and, for all but one of the defendants, also fails the third requirement.

As to the second requirement, we do note that the letter generically foretells the "claim for damages and for violation of civil rights" which would be eventually included in the complaint.  However, it fails to specify exactly which of plaintiffs' civil rights would be alleged

CIVIL 07-1168CCC                                    5

to have been violated, nowhere indicates that those rights would include some of constitutional dimension and, needless to say, also fails to particularize whether these would be claimed under the federal or the Commonwealth Constitution or both.  See Rodríguez-García, 354 F. 3d at 98-99.  Defendants were never put on notice of the federal constitutional violation forming the substantive basis of the claims they would face in court.

With regard to the third requirement, the identicality of parties, it should be stressed that the letter identifies the persons as to whom a claim is being made as "the Honorable Secretary of Corrections and Rehabilitation and of the Corrections Administration," "the Superintendent," and "the Correctional Officials at Ponce Maximum."  The letter is silent as to whether the action would lie against those individuals in their official capacity, personal capacity, or both, although the fact that only their positions are used and that the letter was addressed solely to the Secretary of Justice of the Commonwealth is a strong indication that the claims were being asserted in an official capacity basis.  In any event, the letter was sent only to the Secretary of Justice of the Commonwealth, who is not a defendant, and to Pereira.  It was not addressed to any of the other defendants, and plaintiffs have not argued here that it was ever received by anybody other than the Secretary of Justice and Pereira. Ramos-Báez v. Bossolo-López, 240 F.3d 92, 94 (1st Cir. 2001).  Thus, Pereira was the only defendant who was placed on notice of plaintiffs' claims, and only in his official capacity.  But even if the second requirement discussed above would have been met as to Pereira also, this would have been a pyrrhic victory for plaintiffs, as no action for damages against a state office-holder in his official capacity may be instituted in federal court due to the provisions of the Eleventh Amendment.  Will v. Michigan Dept. Of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989).

We need go no further.  As we find that the letter by plaintiffs' attorney to the Secretary of Justice of the Commonwealth did not toll the limitations period for the federal cause of action included in the complaint, the same is time-barred and must be dismissed.

CIVIL 07-1168CCC                                6

We express no opinion as to the tolling effect of that letter on the supplemental claims also asserted by plaintiffs in their complaint, over which we decline to exercise jurisdiction and which are similarly dismissed but without prejudice.  <u>Marrero-Gutiérrez v. Molina</u>, 491 F.3d 1, 7-8 (1st Cir. 2007).  Accordingly, defendants' Motion to Dismiss (**docket entry 7**) is GRANTED.  Judgment shall be entered DISMISSING plaintiffs' 42 U.S.C. §1983 claims with prejudice, and all supplemental claims without prejudice.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 14, 2008.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge